## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA MCBRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:18 cv 01424 |
| MCLEAN COUNTY, ) | |
| MCLEAN COUNTY PUBLIC ) | Hon. Michael M. Mihm, Judge presiding |
| DEFENDER CARLA BARNES, ) | Hon. Jonathon E. Hawley, Magistrate Judge |
| MCLEAN COUNTY ) | |
| ADMINISTRATOR BILL WASSON, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Civil Rights, Illinois Whistleblower Act, Equitable Relief Requested)**

LAURA MCBRIDE, by and through her attorney, Sara R. McClain, of Kralovec McClain, LLC, for her First Amended Complaint against Defendants McLean County, McLean County Public Defender Carla Barnes and McLean County Administrator Bill Wasson, states as follows:

**NATURE OF THE ACTION**

1.  This action is brought by Laura McBride pursuant to 42 U.S.C. § 1983 to redress violations of her constitutional rights by the Defendants under color of law, and pursuant to the Illinois Whistleblower Act, 740 ILCS 174/20.1.

**JURISDICTION & VENUE**

2.  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983.

3. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law claim brought pursuant to the Illinois Whistleblowers Act, 740 ILCS 174/20.1.

4. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted herein occurred in this judicial district, the individual Defendants all reside in this district, and the Defendant, McLean County, is a county located in this judicial district.

## PARTIES

5. Laura McBride ("Plaintiff"), a citizen of Illinois, resides in Bloomington, Illinois, which is located in McLean County.

6. McLean County ("Couty") is an Illinois Local Governmental Entity, organized and existing under the laws of the State of Illinois and was acting at all relevant times under color of state law.

7. Carla Barnes ("Barnes") serves as the McLean County Public Defender in Bloomington, Illinois, and resides in McLean County. She is sued in both her individual capacity and official capacity as McLean County Public Defender, and was acting at all relevant times under the color of state law.

8. Bill Wasson ("Wasson") serves as the County Administrator of McLean County in Bloomington, Illinois, and resides in McLean County. He is sued in both his individual capacity and official capacity as McLean County Administrator, and was acting at all relevant times under the color of state law.

## FACTS

9. Plaintiff is a licensed private investigator. On or around January 1997, Plaintiff began employment with the McLean County Public Defender's Office as a Legal Assistant, and was later promoted to the Administrative Assistant/Office Manager and then finally to the position of Criminal Defense Investigator, which she held from July 2005 to December 2017.

10. Over the course of her employment, Plaintiff's supervisors frequently praised her work. Plaintiff received many promotions and her employee performance evaluations scores were all in the range of exceeding performance requirements. In the course of her employment, Plaintiff was never reprimanded.

11. On or around July of 2010 Kim Campbell ("Campbell") was appointed as McLean County Public Defender.

12. In August 2011, Plaintiff testified in a professional capacity as the Criminal Defense Investigator for the McLean County Public Defender's Office in a murder trial; People vs. David Boswell, Jr.; 2010 CF 1117.

13. The prosecutors in the case were State's Attorney, William Yoder and Assistant State's Attorney, Jane Foster ("Foster"). The defendant was represented by Assistant Public Defender, Defendant Barnes as lead counsel, and Assistant Public Defender, Brian McEldowney as second chair.

14. At the completion of the Boswell trial, Plaintiff walked out of the courtroom with Campbell, who had been observing the trial. Plaintiff commented to Campbell that Assistant State's Attorney Foster did a great job on the closing argument. Campbell responded saying, "I taught that girl everything she knows, I helped her write it (the closing argument.)" It was well known that Campbell and Foster were close personal friends.

15. Plaintiff reported Campbell's statement and alleged conduct in assisting Foster to lead defense counsel, Defendant Barnes, after the guilty verdict was returned. Defendant Barnes stated that she already suspected that Campbell was assisting the prosecutors with the case and was not pleased, but that she would not take any "action" because Campbell had supervisory authority over her position.

16. On March 20, 2012, Foster, a former Assistant State's Attorney, lost the primary election for States Attorney and Jason Chambers was elected as McLean County State's Attorney.

Shortly after, Campbell offered and Foster accepted a position as a contract attorney for the McLean County Public Defender.

17. Beginning in March of 2012, Campbell began to hire other friends and family to work in the Public Defender's Office and gave them preferential treatment over other employees.

18. Beginning in March of 2012, Campbell used public funds and resources belonging to the Public Defender's Office to assist contract attorney, Foster, in setting up a private law practice. Upon information and belief, in October of 2013, Campbell accepted a paid vacation from Foster, who at the time, was still employed as a contract attorney.

19. On or around January and February 2014, Plaintiff was approached by several coworkers who believed the conduct they were witnessing by Campbell was possibly illegal and unethical. Plaintiff shared these concerns about Campbell's conduct.

20. On or around February 2014, Plaintiff met with McLean County States Attorney, Jason Chambers, and reported Campbell's conduct. Due to a conflict of interest, he agreed to contact an outside agency to investigate Campbell's conduct.

21. Thereafter, in April 2014, Plaintiff, along with several other employees from the Public Defender's Office, met with the Illinois Attorney General's Office and reported Campbell's conduct. The representatives from the Illinois Attorney General's Office advised that the matter would be best handled at a local level. Because Jason Chambers had a conflict, and because the Public Defender serves under the supervision of the Circuit Judges, Plaintiff was told to report the conduct to Chief Judge Elizabeth Robb.

22. On or around July 23, 2014, Plaintiff met with Chief Judge Robb and Judge Kevin Fitzgerald. She reported Campbell's conduct and provided the judges with documents she believed showed the misuse of public resources.

23. Judge Robb asked for Plaintiff's assistance in her investigation of the matter, and from July 23, 2014 though August 8, 2014, Plaintiff had several meetings with Judge Robb.

24. On July 22, 2014, during one of the meetings with Judge Robb, Plaintiff reported that Campbell may have assisted former Assistant State's Attorney Foster in the prosecution of the Boswell case, McLean County Case No. 2010 CF 1117. Judge Robb expressed concern with the facts and asked Plaintiff to explain what had occurred during the trial proceedings in that case. Plaintiff reported to Judge Robb her knowledge of Campbell's involvement and also reported Defendant Barnes' knowledge of Campbell's conduct.

25. In the Fall of 2014, Plaintiff also spoke with and reported the conduct of Campbell and Foster in the Boswell case to the Bloomington Police Department and the Illinois State Police. She also disclosed Defendant Barnes' knowledge of the conduct and her failure to report it during these meetings.

26. On or about September 30, 2014, County Administrator, Bill Wasson ("Wasson") and assistant County Administrator Hanna Eisner sought a meeting with Plaintiff which lasted over three hours. Defendant Wasson asked specific questions and Plaintiff reported what she knew of Campbell's conduct in both her questionable use of public funds and resources and her involvement in the Boswell case.

27. During the meeting, Defendant Wasson expressed concern over the misuse of County equipment and funds and was unhappy that Plaintiff spoke up and made these matters public. In his role as County Administrator, Defendant Wasson had an oversight role as to the use of County resources. Plaintiff's reporting of Campbell's conduct cast him in a bad light, as these events occurred during his tenure as County Administrator.

28. On or about September 30, 2014, Plaintiff signed an affidavit regarding the Boswell case. The affidavit was prepared when she met with Judge Robb and set forth her recollection,

including that she immediately reported the incident to Defendant Barnes, the then-assistant public defender who handled Boswell's defense at trial. That affidavit was filed by Boswell's defense attorney in his post-conviction proceedings in McLean County.

29. On or about February 1, 2017, Boswell's new criminal defense lawyer asked Plaintiff to cooperate in Boswell's post-conviction proceedings, which she did. Plaintiff spoke to him on several occasions and conveyed her knowledge of Campbell's conduct and that she reported the conduct to Defendant Barnes', Boswell's former attorney.

30. Plaintiff signed a second affidavit regarding her knowledge of the matter, dated August 31, 2017. That affidavit was also filed in Boswell's post-conviction proceedings in McLean County. Plaintiff was advised that she would most likely be called to testify at a hearing as to her knowledge, including that Boswell's former attorney, current Public Defender, Defendant Barnes, knew of Campbell's conduct, but did not report it.

31. Defendant Barnes expressed to Plaintiff that she was unhappy that Plaintiff was spending so much time assisting Boswell's new criminal defense lawyer.

32. Plaintiff's professional relationship with Defendant Barnes had deteriorated during the time between when Barnes was appointed as McLean County Public Defender in October 2014 and Plaintiff's termination in December 2017.

33. Defendant Barnes frequently shared with Plaintiff her criticisms of other employees in the Public Defender's Office and her plans to demote, force into retirement or negatively evaluate certain employees based upon potentially impermissible criteria. Plaintiff warned Defendant Barnes that such intended actions appeared improper and informed Defendant Barnes that such conversations with her regarding these actions were inappropriate.

34. In or about March 2016, after the Bloomington Pantagraph ran a story about the alleged misconduct in the Boswell criminal case and detailed the affidavit Plaintiff signed, Defendant Barnes

and Plaintiff spoke about the matter. Defendant Barnes shared with Plaintiff her concern that the Boswell case was in the news again because it might negatively impact her political future. Defendant Barnes also shared her worry that her failure to use personal days or vacation time when running personal errands the work day could have negative repercussions for her professional career. Plaintiff agreed with Defendant Barnes and reminded her of the ramifications of Campbell's misconduct while she held the office.

35. After the March 2016 conversation with Defendant Barnes, Barnes' demeanor towards Plaintiff negatively shifted, and Plaintiff began experiencing adverse employment actions, including: 1) Defendant Barnes stopped speaking to Plaintiff both in and out of the office; 2) Defendant Barnes stopped inviting Plaintiff to attend meetings and seminars that she previously would have attended as part of her employment duties; 3) Defendant Barnes changed Plaintiff's job duties and informed her she would no longer conduct investigations in the field or serve subpoenas, duties Plaintiff had performed for years; 4) Defendant Barnes began taking away Plaintiff's cases and reassigning them to another investigator, and 5) after taking away cases from Plaintiff, Defendant Barnes then informed other employees in the office that Plaintiff's numbers were low.

36. Defendant Barnes' actions caused Plaintiff to believe her job was in jeopardy.

37. Upon information and belief, Defendants Barnes and Wasson communicated with each other about eliminating Plaintiff's position from the Public Defender's Office in order to silence her disclosures about improper activity in the County.

38. On or about October 2, 2017, Defendant Barnes advised Plaintiff that her position could possibly become a contract position due to alleged budget issues. Given her long and successful career as an investigator in the office, Plaintiff believed if these circumstances came to pass, she would be offered the contract position, as the investigator position was necessary to the office and its ability to properly defend criminal cases.

39. Thereafter, Defendants Barnes and Wasson made the decision to terminate Plaintiff, using the pretext of budgetary concerns and submitted their final decision to the County for final budget approval.

40. The County officially adopted the budget for Fiscal Year 2018 on November 21, 2017, which eliminated Plaintiff's position as an investigator in the Public Defender's Office.

41. Plaintiff received notice from Defendants that she would be terminated from her position as an investigator in the Public Defender's Office, allegedly due to budget cuts, on November 22, 2017. Her termination was to be effective December 31, 2017, although Defendant Barnes placed her on paid administrative leave as of December 18, 2017.

42. Defendant Barnes never offered Plaintiff the contract investigator's position, instead offering it to someone with less overall experience and no criminal defense experience.

## COUNT I
### FIRST AMENDMENT VIOLATION UNDER 42 U.S.C. SECTION 1983
### (Against Defendants Barnes and Wasson In Their Individual Capacities)

43. Plaintiff repeats and realleges Paragraphs 1 through 42 of this Amended Complaint as Paragraph 43, as though fully set forth herein.

44. Plaintiff had a First Amendment right to speak out on matters of public concern.

45. Plaintiff was exercising her First Amendment right to speak out on matters of public concern when she raised the issues of misuse of county funds, of how the former Public Defender Kim Campbell may have improperly aided the prosecution in the Boswell trial, and of how the current Public Defender, Defendant Carla Barnes, failed to report Campbell's actions. This speech was protected by the First Amendment.

46. Plaintiff's speech was not pursuant to her official job duties and involved matters of public concern.

47. Defendants Barnes and Wasson misused their authority and positions with the County, retaliated against Plaintiff for reporting the wrongdoing she witnessed, and further retaliated against her by terminating her employment.

48. The conduct Plaintiff complains of against Defendant Barnes was not conduct for which she is granted immunity under 745 ILCS 19/5.

49. Defendants' acts caused adverse consequences to Plaintiff and are likely to deter the exercise of free speech in the future.

50. Plaintiff's speech was a motivating factor in Defendants' decision to terminate her.

51. Defendants acted in reckless or callous indifference to Plaintiff's federally protected rights or they were motivated by an evil motive or intent.

52. Defendants Wasson and Barnes were final decision makers for the Defendant County and acted at all relevant times under color of state law.

53. Defendants Wasson and Barnes' actions in retaliating against Plaintiff for engaging in protected speech reflect a policy, custom or pattern of official conduct of engaging in and condoning retaliation against individuals who engage in protected speech.

54. Defendants' acts proximately caused the constitutional violations and other injuries alleged above, including but not limited to, pain and suffering, mental anguish, attorneys' fees, and loss of income, as alleged herein.

WHEREFORE, PLAINTIFF prays that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendants for the aforesaid civil rights violations;

B. Reinstate Plaintiff to her former position with back pay, benefits, interests and seniority;

C. Award compensation for damages for emotional distress, humiliation, and embarrassment;

D. Award punitive damages to Plaintiff as a result of the Defendants' illegal actions;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 for prosecuting this claim;

F. Award Plaintiff actual damages suffered as a result of the Defendants' illegal actions; and

G. Award any and all other relief that this Court deems just and equitable.

## COUNT II
### FIRST AMENDMENT CONSPIRACY UNDER 42 U.S.C. SECTION 1983
### (Against Defendants Barnes and Wasson in their Individual Capacities)

55. Plaintiff repeats and realleges Paragraphs 1 through 42 of this Amended Complaint as Paragraph 55, as though fully set forth herein.

56. Plaintiff had a First Amendment right to speak out on matters of public concern.

57. Plaintiff was exercising her First Amendment right to free speech when she raised the issues of misuse of county funds, of how the former Public Defender Kim Campbell may have improperly aided the defense in the Boswell trial, and of how the current Public Defender, Defendant Carla Barnes, failed to report Campbell's actions. This speech was protected by the First Amendment.

58. Plaintiff's speech was not pursuant to her official job duties and involved matters of public concern.

59. Defendants Barnes and Wasson, acting together and under color of state law, conspired together, to deprive Plaintiff of her constitutional rights to freedom of speech and to retaliate against her for the exercise of those rights.

60. In furtherance of the conspiracy, Defendants Barnes and Wasson committed the overt acts including, but not limited to, removing duties from Plaintiff and reassigning cases, formulating the pretext of a budgetary cause for Plaintiff's termination, and terminating her employment, in retaliation for the exercise of Plaintiff's right to freedom of speech and her right to be free from retaliation for reporting suspected misconduct and illegal activity to government officials.

61. The conduct Plaintiff complains of against Defendant Barnes was not conduct for which she is granted immunity under 745 ILCS 19/5.

62. Defendants' acts caused adverse action to Plaintiff and are likely to deter the exercise of free speech in the future.

63. Plaintiff's speech was a motivating factor in Defendants' decision to terminate her.

64. Defendants acted in reckless or callous indifference to Plaintiff's federally protected rights or they were motivated by an evil motive or intent.

65. Defendants Wasson and Barnes were final decision makers for the Defendant County and acted at all relevant times under color of state law.

66. Defendants Wasson and Barnes' actions in retaliating against Plaintiff for engaging in protected speech reflect a policy, custom or pattern of official conduct of engaging in and condoning retaliation against individuals who engage in protected speech.

67. Defendants' acts proximately caused the constitutional violations and other injuries alleged above, including but not limited to, pain and suffering, mental anguish, attorneys' fees, and loss of income, as alleged herein.

WHEREFORE, PLAINTIFF prays that this Honorable Court :

A.  Enter judgment in Plaintiff's favor and against the Defendants for the aforesaid civil rights violations;

B.  Reinstate Plaintiff to her former position with back pay, benefits, interests and seniority;

C.  Award compensation for damages for emotional distress, humiliation, and embarrassment;

D.  Award punitive damages to Plaintiff as a result of the Defendants' illegal actions;

E.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 for prosecuting this claim;

F.  Award Plaintiff actual damages suffered as a result of the Defendants' illegal actions; and

G.  Award any and all other relief that this Court deems just and equitable.

## COUNT III
### FIRST AMENDMENT VIOLATION AGAINST THE COUNTY – MONELL CLAIM
(Against Defendant McLean County and Defendants Barnes and Wasson in their Official Capacities)

68.  Plaintiff repeats and realleges Paragraphs 1 through 42 of this Amended Complaint as Paragraph 68, as though fully set forth herein.

69.  Plaintiff had a First Amendment right to speak out on matters of public concern.

70.  Plaintiff was exercising her First Amendment right to speak out on matters of public concern when she raised the issues of misuse of county funds, of how the former Public Defender Kim Campbell may have improperly aided the prosecution in the Boswell trial, and of how the current Public Defender, Defendant Carla Barnes, failed to report Campbell's actions. This speech was protected by the First Amendment.

71. Plaintiff's speech was not pursuant to her official job duties and involved matters of public concern.

72. Defendants Barnes and Wasson misused their authority and positions with the County, retaliated against Plaintiff for reporting the wrongdoing she witnessed, and further retaliated against her by terminating her employment.

73. The conduct Plaintiff complains of against Defendant Barnes was not conduct for which she is granted immunity under 745 ILCS 19/5.

74. Defendants' acts caused adverse consequences to Plaintiff and are likely to deter the exercise of free speech in the future.

75. Plaintiff's speech was a motivating factor in Defendants' decision to terminate her.

76. Defendants acted in reckless or callous indifference to Plaintiff's federally protected rights or they were motivated by an evil motive or intent.

77. Defendants Wasson and Barnes were final decision makers for the Defendant County and acted at all relevant times under color of state law.

78. Defendants Wasson and Barnes' actions in retaliating against Plaintiff for engaging in protected speech reflect a policy, custom or pattern of official conduct of engaging in and condoning retaliation against individuals who engage in protected speech.

79. Defendants' acts proximately caused the constitutional violations and other injuries alleged above, including but not limited to, pain and suffering, mental anguish, attorneys' fees, and loss of income, as alleged herein.

WHEREFORE, PLAINTIFF prays that this Honorable Court:

    A.    Enter judgment in Plaintiff's favor and against the Defendants for the aforesaid civil rights violations;

B.  Reinstate Plaintiff to her former position with back pay, benefits, interests and seniority;

C.  Award compensation for damages for emotional distress, humiliation, and embarrassment;

D.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 for prosecuting this claim;

E.  Award Plaintiff actual damages suffered as a result of the Defendants' illegal actions; and

F.  Award any and all other relief that this Court deems just and equitable.

## COUNT IV
### VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/20.1
(Against all Defendants)

80. Plaintiff repeats and realleges Paragraphs 1 through 42 of this Amended Complaint as Paragraph 80, as though fully set forth herein.

81. Plaintiff had reasonable cause to believe that the conduct alleged herein violated a state or federal law, rule or regulation.

82. Plaintiff reported Campbell's conduct involving the potentially illegal use of public funds and resources to the McLean County State's Attorney, the Illinois Attorney General, the Chief Judge of the McLean County Courts, and the McLean County Administrator.

83. Plaintiff reported Campbell's conduct during the Boswell case, and Defendant Barnes' knowledge of that conduct and failure to act upon it, to the Chief Judge of the McLean County Courts, the Bloomington Police and the Illinois State Police.

84. Plaintiff's knowledge of the improper and potentially illegal conduct in the McLean County Public Defender's Office was further summarized and disclosed in two affidavits filed in McLean County Circuit Court as part of Boswell's post-conviction proceedings.

85. The Defendants retaliated against Plaintiff for reporting and disclosing the wrongdoing she believed was occurring in the McLean County Public Defender's Office and further retaliated against her by terminating her employment in violation of the Illinois Whistleblower Act.

86. The Defendants' actions caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, PLAINTIFF prays that this Honorable Court :

A. Enter judgment in Plaintiff's favor and against the Defendants for the aforesaid violations;

B. Reinstate Plaintiff to her former position with back pay, benefits, interests and seniority;

C. Award compensation for damages for emotional distress, humiliation, and embarrassment;

D. An award actual damages Plaintiff has suffered as a result of the Defendants' illegal actions, including reasonable attorneys' fees and costs in bringing this action; and

E. Any and all other relief that this Court deems just and equitable.

**COUNT V**
**JURY DEMAND**

87.     Plaintiff asks that this case be tried by a jury.

                 Respectfully submitted,

                 LAURA MCBRIDE

                 By: s/ Sara R. McClain
                 Attorney for Laura McBride

DATED: February 15, 2019

Sara R. McClain (ARDC # 6270529)
*LEAD COUNSEL*
Kralovec McClain, LLC
53 W. Jackson Blvd.
Suite 1102
Chicago, IL 60604
773.580.9539
smcclain@kralovecmcclain.com

## CERTIFICATE OF SERVICE

      I, Sara R. McClain, an attorney of record in this matter, hereby certify that on February 15, 2019 I caused a copy of the foregoing ***First Amended Complaint and Demand For Jury Trial*** to be filed with the Court's CM/ECF system and hereby certify that a copy will be sent via U.S. Mail to the following:

Ms. Carla Barnes  
McLean County Public Defender  
104 W. Front Street  
Room 603  
Bloomington, IL 61701

Mr. Bill Wasson  
McLean County Administrator  
115 E. Washington Street  
Room 401  
Bloomington, IL 61701

Chairman John McIntyre  
McLean County Board  
115 E. Washington Street  
Bloomington, IL 61701

                s/ Sara R. McClain

                Sara R. McClain (ARDC # 6270529)  
                *LEAD COUNSEL*  
                Kralovec McClain, LLC  
                53 W. Jackson Blvd.  
                Suite 1102  
                Chicago, IL 60604  
                773.580.9539  
                smcclain@kralovecmcclain.com